**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CAI NGO** | * | **CIVIL ACTION NO.:** |
| **Plaintiff** | * | |
| | * | |
| **VERSUS** | * | **SECTION "  " -** |
| | * | |
| **SKYLITE ELECTRICAL SERVICES, INC., and** | * | |
| **HOUSTON COMMERCIAL CREDIT &** | * | |
| **COLLECTIONS, INC.** | * | |
| **Defendants** | * | **MAGISTRATE "  " -** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DAMAGES AND FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Cai Ngo, a person of full age of majority and domiciled in the State of Louisiana, who, respectfully represent:

### JURISDICTION

I.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

1

## VENUE

II.

Venue lies in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(a)(2) and 15 U.S.C. § 1692k(d).

## PARTIES

III.

Plaintiff, Cai Ngo, is a person of full age of majority domiciled in the Parish of Orleans, State of Louisiana and a consumer as defined by 15 U.S.C. § 1692a(3).

IV.

Defendant, Skylite Electrical Services, Inc., is a Texas corporation not licensed to do, but doing business in the State of Louisiana and a creditor as defined by 15 U.S.C. § 1692a(4).

V.

Defendant, Houston Commercial Credit & Collections, Inc. is a Texas corporation not licensed to do, but doing business in the State of Louisiana and a debt collector as defined by 15 U.S.C. § 1692a(6).

## FAIR DEBT COLLECTION PRACTICES ACT

VI.

On or before March 11, 2011, Defendant, Skylite Electrical Services, Inc. ("Skylite"), hired Defendant, Houston Commercial Credit & Collections, Inc. ("HCCCI"), to collect an alleged debt from Cai Ngo.

VII.

On or about March 11, 2011, HCCCI, on behalf of Skylite, sent a written correspondence, a communication as defined by 15 U.S.C. § 1692a(2), received by Cai Ngo seeking to collect a debt.

VIII.

In its March 11, 2011 correspondence, HCCCI, on behalf of Skylite, includes a reference line, which stated, "SKYLITE ELECTRICAL SERVICES VS. CAI THAI NGO [0442]" and indicated that a lawsuit had been filed against Cai Ngo, in violation of 15 U.S.C. §§ 1692e(5), (10), and (13).

IX.

In its March 11, 2011 correspondence, HCCCI, on behalf of Skylite, seeks to recover an alleged business debt from Cai Ngo, personally.

X.

In its March 11, 2011 correspondence, HCCCI, on behalf of Skylite, fails to contain the required disclosures in violation of 15 U.S.C. §§ 1692e(11)1692f(2), (3), (4), and (5).

XI.

In its March 11, 2011 correspondence, HCCCI, on behalf of Skylite, threatened to forward the debt to attorneys in Jefferson parish in violation of 15 U.S.C. § 1692i(2).

XII.

In its March 11, 2011 correspondence, HCCCI, on behalf of Skylite, seeks to recover a debt which was prescribed under Louisiana law in violation of 15 U.S.C. § 1692e(2)(A).

XIII.

On March 28, 2011, counsel of Cai Ngo, sent correspondence to HCCCI, disputing the alleged debt and seeking verification of the debt, pursuant 15 U.S.C. § 169g(b), specifically, counsel for Cai Ngo requested "a copy of all documents executed by Mr. Cai Ngo."  Upon information and belief, the alleged debt to be collected is a debt incurred by a tenant at the property where the work was performed.

XIV.

In response to the correspondence form counsel for Cai Ngo, on April 4, 2011, HCCCI sent a written correspondence, a communication as defined by 15 U.S.C. § 1692a(2),received by counsel for Cai Ngo, enclosing a Proposal from Skylite dated May 27, 2004 in the amount of $510,000.00, an Invoice Skylite dated January 4, 2005 in the amount of $307,000.00,  and a summary Invoice from Skylite dated June 2, 2009 in the amount of $106,990.00.  All enclosures from HCCCI and Skylite were unsigned by Cai Ngo and failed to validate the alleged debt, as required by 15 U.S.C. § 1692g(b).

XV.

On April 14, 2011, HCCCI, on behalf of Skylite, sent a written correspondence, a communication as defined by 15 U.S.C. § 1692a(2), received by counsel for Cai Ngo threatening to "pursue the matter in Texas" in violation of 15 U.S.C. § 1692i(2).

XVI.

On May 17, 2011, HCCCI, on behalf of Skylite, sent a written correspondence, a communication as defined by 15 U.S.C. § 1692a(2), received by counsel for Cai Ngo threatening "to have David Verbit & Associates file suit in Harris County" in violation of 15 U.S.C. § 1692i(2).

XVII.

On May 27, 2011, Jerome Seeberger, an employee of HCCCI, contacted counsel for Cai Ngo, and left a voicemail message, a communication as defined by 15 U.S.C. § 1692a(2), received by counsel for Cai Ngo, enclosing an Affidavit of George Alexander Robb, a Proposal from Skylite dated January 13, 2004 in the amount of $264,000.00, a Proposal from Skylite dated May 27, 2004 in the amount of $510,000.00, a summary Invoice from Skylite dated June 2, 2009 in the amount of $106,990.00, and an unsigned Affidavit of Cuong Buu Le from the Law Offices of David M. Verbit & Associates, P.C. The May 27, 2001 correspondence again threatened to file suit in Texas in violation of 15 U.S.C. § 1692i(2).

XVIII.

HCCCI and Skylite violated the foregoing provisions of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

XIX.

As a result of the foregoing violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), HCCCI and Skylite are liable to Cai Ngo for all actual and statutory damages, including, but not limited to, attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## **LOUISIANA UNFAIR TRADE PRACTICES ACT**

XX.

Cai Ngo reavers the allegations contained in Paragraphs I. through XIX.

XXI.

Cai Ngo, individually, has entered into no contract with Skylite.

XXII.

As a result of the lack of any contract between Cai Ngo and Skylite, the alleged debt would be an open account under Louisiana law, specifically, La. R.S. 9:2781.

XXIII.

Pursuant to La. C.C. art. 3494, an action on an open account is subject to liberative prescription of three years.

XXIV.

The alleged debt attempted to be collected by HCCCI, on behalf of Skylite, was allegedly incurred on May 27, 2004 and/or January 4, 2005.

XXV.

Pursuant to Louisiana law, La. C.C. art. 3494, any action to be brought by HCCCI, on behalf Skylite, to enforce the alleged debt prescribed on January 4, 2008.

XXVI.

HCCI's attempt, on behalf of Skylite, to collect a prescribed debt is an unfair and deceptive action and a violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et. seq.

XXVII.

As a result of the foregoing unfair and deceptive actions by HCCCI, on behalf of Skylite, Cai Ngo has suffered a recoverable loss under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et. seq.

XXVIII.

Pursuant to La. R.S. 51:1409(A), Cai Ngo brings this private action seeking to receive his actual damages, treble damages in the amount of three times its actual damages, reasonable attorney fees and costs.

## **DECLARATORY JUDGMENT**

XXIX.

Cai Ngo reavers the allegations of Paragraphs I. through XXVIII.

XXX.

Pursuant to 28 U.S.C. § 2201, Cai Ngo seeks a declaratory judgment that he is not liable for any sums allegedly due to HCCCI or Skylite.

XXXI.

Pursuant to the aforementioned threats of suit, an "actual controversy" exists within the meaning of 28 U.S.C. § 2201.

XXXII.

Contrary to the allegations of HCCCI, on behalf of Skylite, Cai Ngo is not personally liable to HCCCI or Skylite for any sums allegedly due for the reasons stated herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Cai Ngo, prays that after due proceedings had, there be judgment herein in favor of Cai Ngo and against Defendants, Skylite Electrical Services, Inc. and Houston Commercial Credit & Collections, Inc., jointly and in solido, :

(1) for all economic actual damages, pursuant to 15 U.S.C. § 1692k(1);

(2) for all non-economic actual damages, pursuant to 15 U.S.C. § 1692k(1);

(3) for all statutory damages, pursuant to 15 U.S.C. § 1692k(3);

(4) for all costs and attorneys' fees, pursuant to 15 U.S.C. § 1692k(3);

(5) for all actual damages, pursuant to La. R.S. 51:1401 et. seq.;

(6) for all treble damages, pursuant to La. R.S. 51:1401 et. seq.;

(7) for all costs and attorneys' fees, pursuant to La. R.S. 51:1401 et. seq.;

(8) for all legal and judicial interest;

(9) declaring that Cai Ngo is not personally liable to Skylite Electrical Services, Inc. or Houston Commercial Credit & Collections, Inc. for any sums allegedly due;

(10) for all other general and equitable relief.

    RESPECTFULLY SUBMITTED:
    PIVACH, PIVACH, HUFFT &
    THRIFFILEY, L.L.C.
    ATTORNEYS AT LAW

    BY:   /s/ Corey E. Dunbar
    COREY E. DUNBAR (30144)
    8311 Highway 23, Suite 104
    P.O. Box 7125
    Belle Chasse, LA  70037
    Telephone: 504/394-1870
    Facsimile: (504) 393-2553
    firm@pivachlaw.com
    Counsel for Cai Ngo